# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. BANK TRUST COMPANY NATIONAL ASSOCIATION AS TRUSTEE FOR VELOCITY COMMERICAL CAPITAL LOAN TRUST 2023-4,<br><br>Plaintiff,<br><br>v.<br><br>MARIA J. WOODRUFF, COLUMBIA SAVINGS AND LOAN ASSOCIATION, CITY OF MILWAUKEE, WISCONSIN, WISCONSIN ELECTRIC POWER COMPANY, and STATE OF WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,<br><br>Defendants. | Case No. 24-CV-1363-JPS<br><br>**ORDER** |

This foreclosure action has been pending since October 2024. ECF No. 1. All Defendants except for Maria J. Woodruff have been served. ECF Nos. 5–8.[1] Defendant the State of Wisconsin Department of Workforce Development ("Wisconsin DWD") was served on November 1, 2024,

---

[1] Defendants Columbia Savings and Loan Association, the City of Milwaukee, Wisconsin, and the Wisconsin Electric Power Company did not file pleadings within the prescribed time. Plaintiff may request entry of default as to these Defendants. *See* Fed. R. Civ. P. 55(a). However, the Court will defer ruling on any motions for default judgment as to these Defendants until the case as to Wisconsin DWD and Maria J. Woodruff is resolved.

making its responsive pleading due on November 22, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

On December 10, 2024, Wisconsin DWD filed a motion for an extension of time to file its answer, and its answer and counterclaim—essentially, it requests that the Court accept its late-filed motion as timely. ECF Nos. 10, 12. The reason for its late filing was simple "inadvertence": its attorney, who is accustomed to practicing in state court, failed to accurately discern and calendar the answer due date under the Federal Rules of Civil Procedure, and further notes that Wisconsin DWD is rarely required to file answers in foreclosure actions such as these. ECF No. 10 at 2. Plaintiff U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2023-4 ("Plaintiff") opposes Wisconsin DWD's request on the basis that its purported inadvertence "[is] not . . . a valid excuse or explanation as to its failure to timely respond." ECF No. 14 at 2. Plaintiff further states that Wisconsin "does not have a meritorious claim to the property that is the subject of this matter." *Id.*

Courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993); *see also* Fed. R. Civ. P. 6(b)(1)(B) (permitting extension of a deadline after it has passed if the party seeking the extension demonstrates "excusable neglect"). This is an "equitable determination" that considers factors such as "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 396 (citing *In re Pioneer Inv. Servs. Co.*, 943 F.2d 673, 677 (6th Cir. 1991)).

The Court is satisfied that Wisconsin DWD has satisfied the excusable neglect standard. Wisconsin DWD has provided an adequate explanation for its failure to timely file an answer; its delay in filing an answer was minimal; and it has demonstrated good faith by both conferring with opposing counsel before seeking judicial intervention and filing its motion and proposed answer without undue delay. Additionally, Plaintiff has not demonstrated that it will be prejudiced if the Court accepts Wisconsin DWD's answer. That Plaintiff believes Wisconsin DWD's position lacks merit does not demonstrate prejudice. This analysis should be developed through discussion and negotiation between the parties, discovery, and motion practice if necessary in accordance with the Court's pretrial procedures, ECF No. 3.[2]

For all these reasons, the Court will grant Wisconsin DWD's motion for an extension of time. ECF No. 10. Wisconsin DWD's answer and counterclaim, ECF No. 12, shall serve as its operative answer in this matter. Likewise, Plaintiff's answer to Wisconsin DWD's counterclaim, ECF No. 15, stands.

Accordingly,

**IT IS ORDERED** that Defendant the State of Wisconsin Department of Workforce Development's motion for an extension of time to file its answer, ECF No. 10, be and the same is hereby **GRANTED**; its answer and

---

[2] Although Wisconsin DWD is entitled to file a reply brief, *see* Civ. L.R. 7(c), the Court in its discretion will not wait for a reply brief to issue this ruling. *See* 21 MOORE'S FEDERAL PRACTICE – CIVIL § 327.15 ("The court may act on a motion for a procedural order . . . at any time without awaiting a response."). In any reply brief, Wisconsin DWD would likely be responding to Plaintiff's merits-based arguments, which as just explained, are not appropriately addressed through the current motion.

counterclaim, ECF No. 12, and Plaintiff U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2023-4's answer to the counterclaim, ECF No. 15, shall serve as the operative responsive pleadings for these parties.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge